JULIA ANN WOODY v. ST. LOUIS & SAN FRAN-CISCO RAILWAY COMPANY et al., Appellants.

#### Division Two, March 31, 1903.

1. **Appellate Jurisdiction:** CONSTITUTIONAL QUESTION. An appellant can not give the Supreme Court jurisdiction of the appeal by simply alleging in his motion for a new trial that if the judgment is permitted to stand he will be deprived of his property without due process of law.

2. ——: ——: ERROR IN PRACTICE. An error in a matter of practice by the trial court does not involve the construction of the Constitution.

3. ——: ——: TAXING COSTS. Plaintiff sued defendant for $5,000 for killing her infant son, and after two mistrials accepted $510 in settlement of her claim and signed a release therefor, which also contained an agreement that the case was to be dismissed at her costs. She could neither read nor write and denied the agreement as to costs, and asserted that it was inserted without her consent or knowledge, and at the trial the court confined the issue to this one point, and the jury found that defendant had agreed to pay the costs. *Held*, that the Supreme Court did not obtain jurisdiction by the fact that the trial judge erred or did not err in permitting the case to go to the jury, or in not holding that the receipt could be set aside only for fraud.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*L. F. Parker* and *J. T. Woodruff* for appellants.

*Rechow & Pufahl* for respondent.

GANTT, P. J.—This action originated in Polk county, Missouri, out of the killing of the infant son

of the plaintiff by one of the trains on the St. Louis & San Francisco railway. Damages were laid at $5,000. After two mistrials an effort was made to compromise the case. On October 5, 1897, the claim agent of defendant went to the home of Mrs. Woody, and an agreement was reached whereby she, as the sole surviving parent of Troy Woody, agreed to and did accept $510 in payment and satisfaction of her claim growing out of his death. Up to this point there is no conflict between the parties, but when the compromise was effected Mrs. Woody signed an agreement to dismiss the case at her costs. When the defendant presented this paper and asked the circuit court to dismiss the case at plaintiff's cost, she objected, and insisted that she did not agree that it should be dismissed at her costs, and that the stipulation to that effect was inserted without her knowledge and consent, and the court refused to dismiss the action at plaintiff's cost. Thereupon defendant amended its answer and pleaded the release and discharge, to which plaintiff replied, admitting that she agreed to accept the $510, but that as a part of said agreement defendant agreed to pay the costs; that the agreement to dismiss at her costs was inserted in the writing without her assent; that she was illiterate and could neither read nor write, and signed the same by making her mark only, and did so with the distinct understanding that defendant was to pay the costs.

Thereupon the defendant moved the court to require plaintiff to give security for the costs, and the court sustained said motion, but ruled that he would permit plaintiff to try the issue as to which party should pay *the costs already accrued*, without giving a bond for costs, and thereupon in order to raise said issue plaintiff filed her motion setting up the foregoing facts, and prayed that the case should be dismissed at the costs of defendant. The defendant objected to going to trial on any issue before the jury, for the

reason that there was no issue to be tried by a jury, that the pleadings showed there had been a full and complete settlement and compromise of the cause of action alleged in the petition, and that in consideration of said compromise and settlement defendant had paid plaintiff and plaintiff had received from defendant $510, and plaintiff had not refunded nor offered to refund said sum, but still retained the same, which fact was admitted in the replication. Further, that the record disclosed that the suit was and is prosecuted by plaintiff as a poor person and no judgment could be rendered against her for costs incurred in her behalf, and that the contract of settlement was in writing, and it was not sought by any equitable proceeding to charge the contract with fraud, and no evidence was admissible to modify or alter said agreement. Which objection the court overruled, and heard the evidence, and the jury on the issue whether the defendant agreed to pay the costs, returned a verdict that defendant had agreed to pay the costs, and the court adopted this finding and entered judgment dismissing the cause at defendant's costs.

Defendant in due time filed its motion for new trial, and the same was overruled, and it appealed to this court. Among other grounds, the motion assigns as a reason that "the court erred in making up an issue outside of the one raised by the pleadings, thereby depriving defendant of the rights guaranteed by section 30 of article 2 of the Constitution of Missouri 'that no person shall be deprived of property without due process of law.' "

I. The question which forces itself upon us is, has this court jurisdiction of this appeal?

By the amendment to the Constitution of this State adopted at the November election in 1884, this court is given exclusive jurisdiction to hear and determine appeals "in all cases . . . involving the

construction of the Constitution of the United States and of this State.''

It is obvious, we think, that under the allegations of the answer and the reply, the original claim of $5,000 for damages is no longer an issue in this case, but the sole and only question is, who shall pay the costs upon the dismissal of the action? Plaintiff admits she agreed to receive and did receive the $510 in satisfaction of her damages, and is not claiming any further damages, nor asking to have the dismissal set aside, and defendant pleads that settlement, and only asks that the cause be dismissed at plaintiff's costs, and plaintiff repudiates the agreement to the extent of being charged with the costs. The amount then does not confer jurisdiction. Does the constitutional question raised in the motion for a new trial, to-wit, that if the judgment stands, adjudging costs against defendant, it will be deprived of its property without due process of law, require this court to determine the case? If it does, then every time a judgment is rendered against any party, all that he or she will be required to do to insure a hearing of his or her appeal in this court, is to allege in a motion for new trial that if the judgment stands it will deprive him or her of his or her property without due process of law.

In the case at bar the defendant was brought before the court by summons duly served; its pleas were filed and issue joined thereon; its evidence was heard; the court had jurisdiction of the subject-matter, and the parties; that it may have erred in a matter of practice did not raise a question involving the construction of the Constitution of this State.

This was the exact point settled in Hulett v. Railroad, 145 Mo. 35. This court in Banc in Hilgert v. Barber Asphalt Paving Company, 173 Mo. 319, reasserted the same doctrine.

The Kansas City Court of Appeals has the same jurisdiction to decide the regularity or irregularity of

the action of the circuit court in adjudging the costs against defendant as this court would have if the case otherwise came within our jurisdiction. We are clear that the mere deciding an issue for or against a party or adopting, as the circuit court did in this case, the finding of a jury, upon an issue of fact, pure and simple, does not involve a construction of the Constitution or deny to a party due process of law. At most it can be no more than an error of procedure.

This appeal should have been certified to the Kansas City Court of Appeals, and it is accordingly so ordered.

All concur.