# BROOKLINE CANNING & PACKING COMPANY v. J. B. EVANS, Appellant.

### Division One, December 23, 1911.

1. **APPELLATE JURISDICTION: Constitutional Question.** Rais-ing  a  constitutional  question  is  not  a  mere  matter  of  form. The question must really exist, and if it does not in fact exist it is not raised.  If a determination of every issue raised by the pleadings and evidence does not involve a consideration of any clause of the Constitution, although the defendant assigns in ·his motion for a new trial that to permit the judgment for one hundred dollars against him to stand would be to deprive him of his property without due process of law, the Supreme Court had no jurisdiction of the appeal.

2. ————: ————: *Jurisdiction of Justice of Peace: Equity:* **Suit to Compel Stockholder to Pay for Stock.** A suit by a corporation to compel a stockholder to pay the balance due on his subscription to the stock of a corporation held by him, is not a suit in equity, but an action at law, and the amount sued for being  only  one  hundred  dollars  the  proper  justice  of  the  peace has  jurisdiction  to  try  the  case.  But  even  if  it  were  a  suit  in equity, and the circuit court, upon an appeal to it and a trial *de novo*, should hold it to be an action at law, the holding would only  be  an  error  of  law,  and  the  result  an  erroneous  judgment, which could be corrected on appeal to the proper appellate court, and would in no sense be to deprive the defendant of his prop-erty without due process of law.

3. ————: ————: **Suit to Compel Stockholder to Pay for Stock:** *Held as Security for Debt.*  Where the defense to the suit for one hundred dollars claimed to be due from defendant for un-paid stock of a corporation held by him, is that he held the stock only  as  security  for  a  debt,  an  adverse  holding  by  the  trial

court amounts either to a finding that he did not believe the witnesses on this point or did not consider the fact sufficient to constitute a defense, and if either holding was a mistaken one it was simply error, and involved no constitutional point.

4. ———: ———: ———: **Where Corporation was a Bankrupt.** Where the plaintiff corporation, which sued a stockholder for an unpaid subscription for stock held by him, had previously been adjudged bankrupt, and its affairs had been administered by a trustee until all its debts had been paid and a small amount returned to the secretary, a holding by the trial court that the corporation was not, for those reasons, precluded from suing the delinquent stockholders for the several amounts due on their stocks, involved no constitutional question. If the holding was wrong, it was only error.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*Henry C. Young* for appellant.

*J. J. Gideon, G. D. Kirby* and *J. C. West* for respondent.

VALLIANT, J.—This is an appeal from a judgment for $100 rendered in favor of the plaintiff in the Greene Circuit Court. The suit was begun in a justice's court, judgment for plaintiff there for $100, appeal by the defendant to the circuit court, trial *de novo* there and judgment for plaintiff against defendant and the surety on his bond for $100; from which judgment the defendant has taken this appeal.

Since the appellant's main insistence is that this is a suit in equity, therefore the justice had no jurisdiction and the circuit court by appeal acquired no jurisdiction, we deem it proper to copy the original petition or statement of the cause of action filed in the justice's court which is as follows:

STATE OF MISSOURI,
County of Greene,
> Before C. A. Hubbard, Justice of the Peace,
> Campbell Township.
> Brookline Canning & Packing Co. v. J. B. Evans.

> Plaintiff for its cause of action states that it is a corporation duly organized and existing under the laws of the State of Missouri; that on or about the 27th day of January, 1903, the defendant purchased of the then owner, six shares of the capital stock of the plaintiff of the face value of $400.00, and there was still unpaid on said stock at the time plaintiff so purchased it fifty per cent thereof, or $200; that defendant well knew this fact at the time he purchased said stock; that defendant has since said purchase paid on the balance due on said stock $100; that there is still due on said balance $100; that the defendant is now the owner of said stock; that this plaintiff has by resolution of the board of directors duly made a call for the unpaid portion of said sum due on said stock and defendant has received due notice thereof, but has failed and refused to pay said sum or any part thereof to this plaintiff; that the said sum of $100 is now due plaintiff and unpaid, wherefore plaintiff prays for judgment for said sum, to-wit, $100, together with the costs of this suit.

No answer or other pleading on the part of defendant was filed.

When the cause came on for trial in the circuit court defendant "objected to the introduction of any evidence in the case, for the reason that the statement filed in the cause before the justice failed to state facts sufficient to constitute any cause of action whatever; also for the reason that this court has no jurisdiction of the subject-matter of the action sought to be adjudicated and determined; for the reason that the plaintiff herein had no capacity at that time to sue and the plaintiff is not the real party in interest." The objection was overruled and exception taken.

On the trial plaintiff introduced evidence tending to prove the cause of action stated in the petition, and rested.

On cross-examination of one of plaintiff's witnesses, who was the secretary of the corporation, the defendant proved the following facts:

Some time before this suit was brought, proceedings in bankruptcy had been instituted and the corporation adjudged a bankrupt; a trustee in bankruptcy was appointed, who took charge of the affairs of the corporation; under his administration the debts of the corporation were all paid and a balance of $32.87 was turned back to the secretary of the company. During the bankruptcy proceedings, on a call of the trustee, several of the stockholders paid in small sums on account of balances due the corporation on their stockholdings; among these the defendant paid $100, which reduced his unpaid balance to $100, the amount sued for. But it seems that some of the stockholders had paid all their subscriptions and others had paid in different proportions. After the trustee in bankruptcy had closed his administration and turned back the balance above mentioned to the secretary of the company, the officers of the company called a meeting of the board of directors, and that board called a meeting of the stockholders, and at that meeting it was resolved that steps should be taken to collect from the delinquent stockholders the balances due from them respectively on their stock, to the end that the burden should be equalized, and it was resolved that an attorney should be employed to collect the amounts, by suit, if necessary. After that a meeting of the board of directors was held, at which a committee was appointed and authorized to employ an attorney for that purpose. Appellant contends that the record does not show that the notices for those meetings stated the purpose for which they were called; we express no opinion on that point.

Defendant as a witness in his own behalf testified to some facts which were intended to show that he did not really own the stock, but held it only as security for a debt; whether the testimony on that point really tended to so prove we have nothing to say.

At the close of all the evidence the defendant asked the court to declare the law to be that if this action was instituted for the mere purpose of enforcing contribution from defendant in favor of other stockholders who claim to have paid more than their *pro rata* of their respective subscriptions to the capital stock of the plaintiff company, then the justice of the peace had no jurisdiction and the circuit court acquired none by appeal, and that should the court proceed to try the action the court would deprive the defendant of the equal protection of the law, and take his property without due process of law, contrary to the Constitution of Missouri and the 14th Amendment. The court refused the instructions asked. The same point was made in defendant's motion for a new trial.

In the foregoing statement we have not intended to set out more of the evidence than will serve to illustrate appellant's alleged constitutional points; whether he has made good any or all of his points of defense we will leave to be decided by another appellate court. He comes to this court claiming that his constitutional rights have been violated. If he has succeeded in bringing his case within the jurisdiction of this court on the idea that a constitutional question is involved, then a constitutional question may be formulated in any case.

Appellant's contention is that this is a suit in equity, therefore not within the jurisdiction of a justice of the peace, nor of the circuit court on appeal from a justice's judgment, and the judgment so rendered deprives appellant of his property without due process of law and denies him equal protection of the law.

Appellant is mistaken in the character of the suit; it is simply an action at law, was tried as such, and judgment rendered as such. Even if appellant is right in his contention that under the circumstances disclosed by the evidence he is accountable only in a suit

in equity (as to which we express no opinion) that would not convert this into a suit in equity, it would only go to show that the plaintiff should not recover in this action; if appellant is correct, the judgment is erroneous. The justice had jurisdiction of the case stated in the petition, and the testimony on the part of the plaintiff was sufficient, if credited and not overcome, to justify a judgment responsive to the cause of action stated in the petition. A man has no right to say that he is deprived of his property without due process of law simply because the court in a case of which it has jurisdiction has rendered a judgment which he thinks is wrong.

There is no pretense but that there was $100 due the corporation on the stock held by appellant, but he offered evidence which he thought tended to show that he held the stock only as security for a debt; the trial court either did not believe this evidence or did not consider the fact sufficient to constitute a defense; if the court was wrong in that, it was error, but there was no constitutional point involved.

Defendant also introduced evidence to show that the plaintiff corporation had been adjudged a bankrupt, and its affairs had been administered by a' trustee until all its debts had been paid and a small balance returned to its secretary, and after that the corporation took steps to collect balances due from stockholders on their stock subscriptions, and that the purpose of those suits was to put the corporation in possession of funds whereby it could equalize the burden among its stockholders. The trial court thought that the corporation was not, for those reasons, precluded from suing its delinquent shareholders for the several amounts due on their stock; if wrong in that it was error, but its consideration involves no constitutional question.

The points of defense raised at the trial and discussed in appellant's briefs can all be considered and

adjudged without any reference to the Constitution; they call for no interpretation of any clause of the Constitution. Raising a constitutional question is not a mere matter of form; the question must really exist and if it does not exist it is not raised. A judgment may be erroneous, yet rendered in due process of law. There is no constitutional question in this case. The cause is transferred to the Springfield Court of Appeals. All concur.