Yeomans v. Herrick.

KATE S. YEOMANS et al., Defendants in Error, v. ROBERT T. HERRICK et al., Plaintiffs in Error.

Kansas City Court of Appeals, April 6, 1914.

1. INJUNCTIONS: Building Restrictions. Covenants in the nature of restrictions on the use of the fee, when reasonable and within the policy of the law, are valid, and if the intention of the parties is clear, equity will enforce them.

2. ———: ———: "Street" and "Street Line". The word "street" means the entire street in its broadest sense including everything from property line to property line. And where there is nothing to show that it was used in any narrow sense it will be taken to mean all of it, sidewalks and parkways as well as the travelled part in the center, and in a restriction appearing in a plat forbidding the erection of a house nearer than a certain distance to a front street and a certain distance from a side street line, there is no distinction to be made between the word "street" and the words "street line".

3. EQUITY: Right of Trial by Jury. In the trial of an equity case a jury is not demandable as a matter of right.

4. CONSTITUTIONAL QUESTIONS. Raising a constitutional question is not a matter of form. The question must really exist and if it does not exist it is not and cannot be raised. Merely inserting in the motion for new trial that a right guaranteed by the Constitution has been violated does not raise such question, where no such right has been violated, and the matter has been so often and repeatedly adjudicated as to be no longer open to debate.

5. ———: ———: Waiver. The fact that the vendor knew the building restrictions were being violated did not constitute a waiver where the vendor at once protested against their violation and was guilty of no laches in bringing suit to prevent it. Nor does the fact that, after knowing the restriction was being violated, the vendor made a deed to the purchaser and accepted the balance of the purchase price. The covenant to obey the restrictions was again inserted in the deed and the purchaser was told that he must obey them, and in that event there was no waiver. The vendor had a right to have the contract specifically performed.

6. ———: ———: ———: Abandonment of Restrictions. The fact that there were instances of the violation of said restric-

tions by other purchasers would not show an abandonment of such restrictions by the vendor where the district was only recently platted, the vendor had done nothing to show that she had abandoned or intended to abandon them, and the general plan of restrictions seems to have been carried out.

Error to Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*Geo. B. Strother* for plaintiffs in error.

*Scarritt, Scarritt, Jones & Miller* and *Meredith & Harwood* for defendants in error.

TRIMBLE, J.—This is a suit in equity to enforce the observance of a building restriction in the title to certain residence property in Kansas City, Missouri, conveyed by Mrs. Yeomans and husband to the plaintiffs in error. The Chancellor found for the complainants and granted the prayer of the bill.

Mrs. Yeomans owned a tract of land which she platted into lots, and made the same a finished residence district by grading the streets, putting down granitoid sidewalks, putting in gas mains, sewers, water mains, paving the streets, sodding the terraces, planting park trees, etc. As a part of the dedication expressed on the face of the plat it was stated that all persons who should acquire any land described in the plat should be taken and held to agree and covenant with the owners of said land and their assigns, and each of them, to conform to and observe certain restrictions and stipulations as to the use thereof, among a number of which was one providing that during a period of twenty years "no residence or part thereof exclusive of porches shall be erected on any of said lots within forty feet of the street line upon which the lots so improved front, nor within forty feet of any side street."

A number of the lots in said addition were sold from time to time after the ground was platted and in all of the deeds there was a clause requiring the grantees to observe the covenants and restrictions as to the use of the said lots expressed upon the face of the recorded plat.

On December 28, 1910, Mrs. Yeomans contracted in writing to sell to Robert T. Herrick lot 1, block 10 in said addition, and in said contract was a clause agreeing to conform to and observe the covenants and restrictions as to the use of said land expressed on the face of the recorded plat. The full amount of the purchase money was to be paid on April 1, 1911, at which time Mrs. Yeomans was to make a deed to the lot. This lot fronted east on Main street and ran back west along the north side of Fifty-fifth street, the lot lying in the southeast corner of block 10.

About March 15, 1911, Herrick, who had erected two houses just north of the lot in question, in one of which he was living, began excavating for the foundation of a residence on lot 1 to front on Main street. Before any excavation was made Herrick measured from the north line of the sidewalk on Fifty-fifth street and set the stakes for the foundation. So that Herrick knew the foundation was being put in nearer than forty feet to the street in violation of the covenant in his contract, and at the time it was signed his attention was called to the fact that any residence built thereon had to be forty feet away from the side street.

About the 28th of March, 1911, one of the agents who had sold the property to Herrick noticed that the excavation was being made rather close to the street and called his attention to the fact that the restriction called for forty feet from the side line, and Herrick remarked that he certainly expected to live within the restrictions. The next day the agent spoke to him again about it, and Herrick was asked where the stakes were on the south side, as they had been obliterated by

the graders hauling the dirt out.  Mr. Herrick did not point out where the south line of the foundation was, and the agent pointed out to him where the property line was and that he must observe the restrictions as to forty feet on the side line.  Herrick replied that he knew as much about those matters as the agent did and knew where to measure from.  The agent spoke to him several times about being careful to observe the restrictions, before the excavation was completed.  On the 28th of March, 1911, the agent, in passing, observed that the foundation wall had been put in, and discovered that its distance from the side street was less than forty feet.  Thereupon the agent went to Herrick and told him he was six or seven feet over the line and Herrick replied: "Well, I'll just stand you a lawsuit on that." The next day March 29, 1911, a written notice was served on him that the residence he was erecting on said lot 1 was not forty feet north of the north line of Fifty-fifth street and for him to change the location of the building so as to conform to the building restriction aforesaid.

On April 1, 1911, the remainder of the purchase price became due, and Mr. Herrick paid it and received a deed from Mrs. Yeomans and husband to Viola D. Herrick in acordance with the terms of the contract. This deed contained a covenant to conform to and observe the covenants and restrictions as to the use of said land expressed on the face of said plat.

Thereupon Herrick proceeded with the erection of the foundation walls of the building in disregard of his covenants and the notice given him, and it then being definitely known that he would not obey them, this suit was brought on April 7, 1911, to enjoin the erection of said building and to compel the location thereof further to the north so as to comply with said restriction.

It is complained that the court erred in declining to call a jury.  The case was purely one in equity, and,

therefore, a jury was not demandable as a matter of right. [Snell v. Harrison, 83 Mo. 651; Bronson v. Wanzer, 86 Mo. 408; Davis v. Forman, 229 Mo. 27.] Consequently no right guaranteed by the Constitution was denied by the failure to call a jury. [Long v. Long, 141 Mo. 352; Brown v. Fleming, 135 Mo. 597.] Merely inserting in the motion for a new trial that a constitutional question is involved does not raise such question. That is not a mere matter of form. The question must really exist, and if it does not exist, it is not raised. [Brookline Canning Co. v. Evans, 238 Mo. 599; Woody v. Railroad, 173 Mo. 547; Hilgert v. Paving Co., 173 Mo. 319.] If such question could be said to have been raised on this point, it having been decided by the Supreme Court in so many cases, not only in those cited but in many others, the same is no longer open or debatable. [Dickey v. Holmes, 208 Mo. 664; State v. Campbell, 214 Mo. 362; State v. Zimmerman, 216 Mo. 418.]

There is no dispute over the fact that the building is located much nearer the street line than forty feet, and the restriction was clearly and knowingly violated. Covenants in the nature of restrictions on the use of the fee, when reasonable and within the policy of the law, are valid, and if the intention of the parties is clear, equity will enforce them. [Kenwood Land Co. v. Hancock Investment Co., 169 Mo. App. 715.]

We are unable to draw any distinction between the words "street line" as applied to the front of the lot and the word "street" as applied to the side of the lot on the restriction hereinabove quoted. Both apply to the streets as shown on the plat, and therefore mean the street in its broadest and most general sense, that is, from property line to property line. The word "street" as generally used includes the roadway, gutters, and sidewalks. [Knapp v. St. Louis Transit Co., 126 Mo. 26.] There is nothing anywhere in the evidence to show that a narrower sense was intended.

And the evidence shows that Herrick measured from the north line of the sidewalk when he located the foundation, and was not misled by any different construction of, or distinction between, the words "street line" and "street."

Plaintiffs in error claim that the restrictions have been waived by the Yeomans, and that said restrictions have been abandoned. The alleged waiver seems to be based on two grounds, first, because Mrs. Yeomans, through her agent, knew what was being done and did not instantly file an injunction suit to stop it, and second that she accepted the balance due on the purchase price and made him a deed after she knew he was putting in the foundation in violation of the restrictions. Neither of these would constitute waiver in this case. As a matter of fact the evidence supports the inference that although the agent suspected the excavation was being placed too close to the street, yet he was not convinced that Herrick was going to violate the restriction until a day or so before the deed was made when a written notice was served that the restriction must be complied with. The fact that the agent knew the restriction was being violated could only become effective on the ground of estoppel or laches, neither of which are present. Herrick knew exactly what he was doing. He was not induced to change his position by anything Mrs. Yeomans or her agent did or failed to do.

The receipt of the balance of the money and the execution of the deed were neither a waiver nor an abandonment of the restriction since they were inserted in the deed. And the grantees were informed at all times that the restrictions would be rigidly enforced. Mrs. Yeomans had a right to insist upon the written contract being carried out according to its terms, that is, specifically performed. And even though a disposition on the part of Herrick to violate the restrictions was being manifested, Mrs. Yeomans had the right to

expect that he would comply with the terms of his agreement and the covenants in the deed. "Waiver is the intentional abandonment or relinquishment of a known right, and the intention to do so is the essential element involved." [Brix v. Fidelity Co., 171 Mo. App. 518, l. c. 525.] Not only is there no evidence of any intention on the part of Mrs. Yeomans to waive the enforcement of the restriction, but there is evidence that at all times she was insisting upon its enforcement.

Nor was there any evidence of abandonment of such restrictions. The same restrictions were put in all the deeds. Mrs. Yeomans never had violated them herself, nor has she by act or word evinced an intention to abandon them. This is a recently platted residence district and the general plan of restrictions seems to have been complied with. Even if there were instances where other property owners have not observed the restrictions in some particular, this does not furnish conclusive evidence or even convincing evidence that the general plan of the restrictions has been abandoned. [Compton Hill Imp. Co. v. Strauch, 162 Mo. App. 76, l. c. 87.] The cases where the parties seeking to enforce the restrictions have themselves violated such provisions, or where the lapse of time and the long continued and general violation of the restrictions have changed the condition of the locality and rendered the restrictions no longer serviceable, are not in point. Merely because Mrs. Yeomans has not, as yet, taken steps to enforce the observance, by some other property owner in the addition, of a restriction he has violated, will not prevent her from invoking the aid of a court of equity in this case. [Bacon v. Sandberry, 179 Mass. 396; Fete v. Foerstel, 159 Mo. App. 75.] In this case, too, the covenants ran with each lot and in favor of every other lot owner and Mrs. Yeomans, as the owner of the lot immediately west of the

Herrick lot, would be entitled to insist on the restriction as a covenant for the benefit of the adjoining lot.

Plaintiffs in error knew they were violating the restrictions and were warned. Even when the notice was served on them they could have changed the location and observed the restriction at a cost of not over $250. The evidence is that such building restrictions in the residence district in question add much to the beauty and value of the realty. The parties chose to buy property with these restrictions on it. The restrictions are reasonable and within the policy of the law, and must be enforced. The judgment is affirmed. All concur.