HARRY W. STEGALL v. AMERICAN PIGMENT
& CHEMICAL COMPANY, Plaintiff in Error.

**Division Two, February 23, 1915.**

APPELLATE JURISDICTION: Constitutional Question: Must
Really Exist: Service of Process.  Raising a constitutional
question is not a mere matter of assignment.  If the only matter
at issue is to be determined by the application of an admittedly
valid general statute to the facts of the case, no constitutional
question is involved.  Where an appeal is taken from the action
of the circuit court overruling a motion to quash an execution
for $235, and the only question involved was the sufficiency
of the service of summons on the defendant foreign corporation
in the suit resulting in the judgment, an assignment in the
motion to quash that "defendants had not been served with
process in the manner provided by law and that therefore said
judgment violated defendant's rights" under the due-process
provisions of the Constitution, does not involve a construction
of the Constitution, and hence the Supreme Court does not have
jurisdiction.

Error to St. Louis City Circuit Court.—*Hon. George
C. Hitchcock*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*James T. Roberts* for plaintiff in error.

*Jamison & Thomas* for defendant in error.

WILLIAMS, C.—This is a proceeding by writ
of error to review the action of the circuit court of the
city of St. Louis in overruling a motion to quash an
execution.

In June, 1908, Harry W. Stegall (defendant in
error) instituted, before a justice of the peace in the
city of St. Louis, a suit against the American Pig-
ment & Chemical Company, a corporation (plaintiff
in error), to recover judgment upon an account in the
sum of $230, for services rendered.

The defendant company appeared specially in the justice court and moved to quash the return made by a special constable in executing the writ of summons. The main point of attack was that the defendant company had no office in this State and was not doing business in this State at the time the summons was served upon its president.

The motion to quash was overruled by the justice, and the defendant company declining to appear further in the case, judgment by default was rendered for the amount claimed. The defendant company then appealed to the circuit court and there the defendant company again appearing specially renewed its motion to quash the return upon substantially the same grounds as were advanced in the justice court. The circuit court permitted the special constable to amend his return. In passing upon the motion to quash, the circuit court heard testimony directed mainly to the issue as to whether the defendant company at the time of the service of the summons upon its president was "doing business in this State". After hearing the testimony, the court overruled the motion to quash, and thereafter, without further appearance upon the part of the defendant company, judgment was entered for the amount claimed. Thereafter the company, by writ of error, took the case for review to the St. Louis Court of Appeals, which court fully reviewed the errors assigned, and on June 28, 1910, affirmed the judgment of the circuit court, as will appear from the opinion in said cause reported in 150 Mo. App. 251. Thereafter the defendant company applied to this court for a writ of prohibition by which it sought to prohibit the judge of the circuit court of the city of St. Louis from enforcing said judgment. Among the grounds assigned as reason why the relief prayed should be granted was that the defendant was a non-resident corporation and was doing no business in this

State at the time of the alleged service of summons. On November 27, 1911, Court in Banc delivered its opinion and rendered judgment in said cause, quashing the preliminary rule in prohibition and denying the permanent writ. [See State ex rel. v. Shields, 237 Mo. 329.] Thereafter on December 15, 1911, the defendant company filed in the circuit court, where the judgment was originally rendered, a motion to quash an execution which had been issued in said cause on December 7, 1911. The motion to quash the execution alleged:

1st. That at the time of service of said summons by the special constable, the company had no officer or agent in this State.

2nd. Said defendant was not served with process in this case in the manner required by the laws of this State.

3rd. The person served was not representing the defendant in this State in any official capacity.

4th. Said judgment was entered against defendant before it had an opportunity to plead further.

5th. The judgment upon which said execution was issued was rendered against defendant when the said defendant had not been served with process in the manner required by law and that therefore *said judgment* violated defendant's rights under section 1 of article 14 of the Constitution of the United States, and section 30 of article 2 of the Constitution of the State of Missouri, in that it deprived defendant of its property without due process of law and the equal protection of the law.

6th. *Said judgment* violated defendant's rights under section 15 of article 2 of the Constitution of Missouri in that it changed the law as it existed at the time of service of summons, by holding that the acts of defendant amounted to ''doing business in this

State'' and that therefore the said judgment operated as a retrospective law.

A hearing was had and the circuit court overruled the motion to quash. The defendant company now seeks by writ of error to have the court review the action of the circuit court in overruling said motion to quash the execution.

## OPINION.

We have reached the conclusion that we do not have jurisdiction in this case. There is nothing in the case that will bring it here, unless it can be said that a constitutional question is involved. Apparently an attempt was made by plaintiff in error, (See paragraphs 5 and 6 in the motion to quash), to lodge a constitutional question in the case below, but the attempt must be held to have been unsuccessful.

''Raising a constitutional question is not a mere matter of form; the question must really exist and if it does not exist it is not raised.'' [Canning & Packing Co. v. Evans, 238 Mo. 599, 1. c. 605.]

The questions presented for review by the writ of error in the present case involve merely the action of the trial court in holding that the defendant company had been duly served with summons in the justice court. The determination of this question is to be brought about by the application of the *general law* to the facts in evidence, and the process by which the question is determined does not in any manner ''involve the construction of the Constitution of the United States or of this State.'' This being true, a constitutional question, in the jurisdictional sense, is not presented. [Bothe v. Railroad, 248 Mo. 36.] And even if it should be conceded, *arguendo*, that the judgment of the trial court in the matter was erroneous, yet it would not follow that defendant's right to due process of law had been violated. ''A judgment

may be erroneous, yet rendered in due process of law.'' [Canning & Packing Co. v. Evans, supra; In re Converse, 137 U. S. 624, 1. c. 631; Howard v. Kentucky, 200 U. S. 164, 1. c. 173.]

If it could be said that the due-process clause of the Constitution is violated every time an erroneous judgment is rendered by the trial court, then by the simple process of incorporating in the motion for a new trial the assignment that the judgment was erroneous and therefore violated said constitutional provisions, every case could be brought to this court for review. That such is not the law is so self-evident as to need no citation of authority. Neither can it be said that a constitutional question is raised by the claim that the judgment of the circuit court violates defendant's rights under section 15 of article 2 of the Constitution of the State. Said constitutional inhibition is directed solely against certain legislative acts.

The St. Louis Court of Appeals ''has the same jurisdiction to decide the regularity or irregularity of the action of the circuit court'' in holding that defendant was duly served with summons in the justice court ''as this court would have if the case otherwise came within our jurisdiction.'' [Woody v. Railroad, 173 Mo. 547, 1. c. 551.]

There being no question involved which would bring the case within the jurisdiction of this court, it therefore follows that under the mandatory provisions of section 3938, Revised Statutes 19099, the case must be transferred to the St. Louis Court of Appeals.

It is so ordered. *Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.