260 S.W.2d 1 (1953)
NELSON et al.
v.
WATKINSON et al.
No. 43435.
Supreme Court of Missouri, Division No. 1.
July 13, 1953.
William A. Moon, Sesco V. Tipton, Springfield, G. W. Rogers, Gainesville, for appellants.
Bill Davenport, Ozark, for respondents.
HOLLINGSWORTH, Judge.
This action challenges the validity of an election held under the provisions of the school reorganization law of 1947, as amended, Sections 165.657-165.707 RSMo 1949, V.A.M.S., to form an enlarged school district to consist of three existing districts. Four of the eight plaintiffs are alleged to be taxpaying residents composing the Board of Directors of existing Rural School District No. 59 in Douglas County; the other four are alleged to be taxpaying residents composing the Board of Directors of existing Rural School District No. 60, lying in Douglas and Christian Counties. They sue on behalf of themselves, and all others similarly situated, and also in their official capacities as members of the school board of their respective districts. Defendants are the members of the Board of Education of Christian County.
At an election held on August 12, 1952, pursuant to order and notice of said Board of Education of Christian County, a majority *2 voted in favor of an enlarged district composed of the two aforesaid districts and another existing district, lying, it seems, partly in Christian County and partly in Douglas County. Plaintiffs thereupon brought this action praying a judgment declaring the election void and enjoining defendants from ordering an election held within the enlarged district for the purpose of electing directors thereof, presumably, as provided in Section 165.687 RSMo 1949, V.A.M.S. Upon trial the issues were found in favor of defendants, the trial court stating: "Plaintiffs denied relief sought. Judgment and decree for defendants. Court holding that under laws of this State it cannot grant petitioners the relief sought for minor irregularities in holding the election and further holding that in an election where only irregularities are shown that Court of equity is not invested with power and authority to interfere in such election." Plaintiffs appealed to this court.
We are confronted with the question of our jurisdiction. Plaintiffs say, and defendants do not challenge the statement, that jurisdiction is vested here because the evidence shows the voters were deprived of an opportunity to vote by secret ballot; that the right to vote by secret ballot is guaranteed by Article VIII, § 3, of the Constitution of Missouri, V.A.M.S.; and that the issue was raised in their petition and in their motion for new trial.
The petition charges, in substance: (a) irregularities in the notice of election; (b) "The defendants fraudulently and totally failed to comply with the provisions of the laws of Missouri to permit a secret ballot by omitting to furnish booths or compartments for voting, which resulted in voters being required to vote in an open classroom on open desks therein where they were not screened from observation; that this condition resulted in voters being unable to cast a free and secret ballot, * * *"; (c and d) defendants permitted use of ballots that were not official, not printed at public expense and not supplied by the County Board of Education; and (e) defendants failed to supply sufficient stickers to conceal the identifying numbers placed on ballots as required by Section 111.620 RSMo 1949, V.A.M.S. The answer admits that defendants constitute the Board of Education of Christian County; that the election was held pursuant to the notice thereof as set forth in the petition; that the proposal received a majority of the votes cast; and denies all of the other allegations. Neither the petition nor the answer mention the Constitution.
The motion for new trial alleges: "The Court's decision is against the law, particularly Article VIII, Section 3, of the Constitution of the State of Missouri, as interpreted by the Supreme Court of Missouri in the case of [Ex] Parte Arnold, 128 Mo. 256 [30 S.W. 768, 33 L.R.A. 386], holding that said constitutional provision guarantees that an election shall be by secret ballot." But the mere assertion in a motion for new trial that a constitutional question is involved does not raise such a question. Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 142 S.W. 319; Yeomans v. Herrick, 178 Mo.App. 274, 165 S.W. 1112, 1113; Stegall v. American Pigment & Chemical Co., 263 Mo. 719, 173 S.W. 674.
The petition, as stated, alleges fraudulent failure to comply with the provisions of the laws of Missouri relating to secret ballot. Hence, it is clear that the issues presented by the pleadings, if reviewable by a court of equity, require at most the application of the principle announced in Section 3, Article VIII, as it has been implemented by statute, rather than construction of the provision itself. "The simple fact that a constitutional right has been denied does not take a case out of the jurisdiction of our courts of appeals. The construction of the Constitution must be involved. The denial of such a right is error, to be sure, but the language of the Constitution is plain, and mere error, however grave, does not vest jurisdiction in this court." Wolf v. Hartford Fire Ins. Co., 304 Mo. 459, 263 S.W. 846, 847, 848. See also Stegall v. American Pigment & Chemical Co., 263 Mo. 719, 173 S.W. 674; Finley *3 v. Finley, Mo.Sup., 165 S.W.2d 417, 418; 21 C.J.S., Courts, § 404, page 657.
It follows that this court is without jurisdiction of the appeal herein.
It is ordered that the cause be transferred to the Springfield Court of Appeals.
All concur.