## THE STATE v. LOUISA ZIMMERMAN, Appellant.

### Division Two, February 2, 1909.

APPELLATE JURISDICTION: Local Option Law: Constitutionality. The present Local Option Law has been declared to be constitutional so often that its constitutionality is no longer a debatable question. The appeal from a judgment convicting defendant of a violation of said law, is, therefore, not to the Supreme Court, but to the proper Court of Appeals, if the alleged unconstitutionality of that law is the only ground upon which the Supreme Court could take jurisdiction.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*D. W. Roper* and *R. M. Sheppard* for appellant.

FOX, J.—The defendant has brought this cause to the Supreme Court by appeal from a judgment of conviction in the Newton Circuit Court, for a violation of what is commonly called the Local Option Law.

On March 22, 1907, the prosecuting attorney of Newton county, in vacation, filed in the office of the clerk of the circuit court an information embracing four counts, charging the defendant with a violation of what is commonly known as the Local Option Law. To this information defendant filed a motion to quash, which was by the court sustained. The prosecuting attorney, on April 29, 1908, filed an amended information consisting of four counts, all of which charged violations of the Local Option Law. To this information the defendant waived formal arraignment and entered a plea of not guilty. Subsequent to this there was filed by the defendant a motion to quash said amended information, because the act of the Legislature, known as the Local Option Law, is unconstitutional, being in violation of section 53 of article 4 of the Constitution of the State of Missouri. This motion was overruled. The trial then proceeded upon the amended information and the defendant was found guilty and her punishment assessed at a fine of three hundred dollars.

Apparently, from the disclosures of the record, because the constitutionality of the Local Option Law was challenged in the motion to quash, the trial court granted an appeal from the judgment in this cause to this court.

At the very threshold of the consideration of this cause we are confronted with the proposition as to whether or not this court should take jurisdiction in this proceeding.

In State v. Campbell, 214 Mo. 362, this court fully reviewed the authorities upon this proposition. The case was a similar one to the case at bar, and it was expressly held that this court should not take jurisdiction of the cause.

We deem it unnecessary to repeat what was said in the Campbell case, and seeing no valid reason for departing from the conclusions reached in that case, it must be held decisive of the question as to the jurisdiction of this court involved in the case now in hand.

It is, therefore, ordered that this cause be transferred to the St. Louis Court of Appeals for final determination.

All concur.