## GEORGE P. KNIGHT, Respondent, v. KANSAS CITY et al., Appellants.

### Kansas City Court of Appeals, May 17, 1909.

1. MUNICIPAL CORPORATIONS: Use of Streets. A driver who did not know of piles of dirt in a street and who only observed, when two or three blocks away, that a sewer was in the course of construction therein, was not guilty of negligence in driving in the street at night at a trot. He had a right to assume that said street was free from obstructions or that obstructions would be safely guarded to insure his safety. If, however, he knows of the defects in the street, he must use reasonable care to avoid them, and the care to be exercised must be increased in proportion to his knowledge of the risk.

2. ———: **Instructions: Requests.** Where there is no error in instructions asked by a party and given by the court, the adverse party desiring further instructions must request them, and where he fails to do so, he cannot complain of the insufficiency of those given.

3. **JURY: Competency: Waiver.** Section 3763, Revised Statutes 1899, provides that no exception to a juror on account of legal disability shall be allowed after the jury is sworn, and section 3800 authorizes the challenge of any juror for any reason going to his disqualification to serve. *Held,* a party who failed to examine a juror as to his legal disabilities, although it was the practice of the judge to examine, in the absence of counsel, all jurors as to their qualifications before their assignment to the different divisions, waived his right to object by his failure to use proper diligence to exercise his right under the law.

4. **APPEALS: Jury: Error.** Where the statute provides that a verdict of nine competent jurors shall be sufficient, a judgment will not be reversed because of the incompetence of one juror, where ten competent jurors concurred in the verdict.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*Edwin C. Meservey* and *Francis N. Hayward* for appellant, Kansas City.

The defendants' demurrer to the evidence should have been sustained. Because although plaintiff knew a sewer was being put in, that piles of dirt were in the street and it was so dark he could not see them, yet he permitted his daughter to drive his horse upon the trot without exercising any care whatever, which was negligence as a matter of law. Diamond v. Kansas City, 120 Mo. App. 185; Sindlinger v. Kansas City, 126 Mo. 315; Hesser v. Grafton, 33 W. Va. 548; Casey v. Fitchburg, 162 Mass. 321; Bedford v. Neal, 143 Ind. 425; Bohl v. Dill Rapids, 15 S. D. 619; Walker v. Redville, 96 N. C. 382; Columbus v. Griggs, 113 Ga. 597; Titus v. New Scotland, 90 Hun (N. Y.) 468. The defendants were not negligent, lights and barriers having been put up at close of work, although afterwards thrown down, and defend-

ants' peremptory instruction at the close of all the evidence should have been given. Ball v. Independence, 41 Mo. App. 469; Hesselbach v. St. Louis, 179 Mo. 505; Dwyer v. Boston, 180 Mass. 381; McFeeters v. New York, 102 App. Div. (N. Y.) 32; Warsaw v. Dunlap, 112 Ind. 576; Dougherty v. Waltham, 4 Gray (Mass.) 596; Theissen v. Belle Plain, 81 Ia. 168.

*Lathrop, Morrow, Fox & Moore* for appellant, Michael Walsh.

The court erred in overruling defendants' demurrer to the evidence. Wheat v. St. Louis, 179 Mo. 572; Kaiser v. St. Louis, 185 Mo. 366; Coffey v. St. Louis, 186 Mo. 573; Jackson v. Kansas City, 106 Mo. App. 52. The court erred in refusing to give defendants' instruction "c." Delaplaine v. Kansas City, 109 Mo. App. 107. The court erred in refusing to discharge the jury and not receive the verdict returned, for the reason that one of its members was disqualified to serve. Orr v. Bradley, 126 Mo. App. 146.

*E. D. Ellison, F. N. Powell* and *W. R. Moore* for respondent.

The instruction complained of by appellant was really advantageous to it and follows a principle approved in a long line of authorities. Estes v. Shoe Co., 155 Mo. 577; Baker v. Publishing Co., 103 Mo. App. 54; Gordon v. Burris, 153 Mo. 223; Coleman v. Drane, 116 Mo. 387; Fleming v. Railway, 89 Mo. App. 129; Mitchell v. Plattsburg, 33 Mo. App. 555. This opinion is in harmony with a long line of opinions in this and other States. State v. Waller, 88 Mo. 404; Ryan v. Riddle, 109 Mo. App. 115; Schmidt v. Rose, 6 Mo. App. 587. Objection to infant juror comes too late after verdict. Wassum v. Feeney, 121 Mass. 93; Trueblood v. State, 1 Tex. App. 650. Objection to juror above the jury age comes too late after the verdict. Williams v. State, 37 Miss. 407; Munroe v. Brigham, 19 Pick. 368.

BROADDUS, P. J.—This is an action for damages for injuries claimed to have been sustained by plaintiff while driving in a vehicle on the south side of Independence avenue near Myrtle avenue in Kansas City, Missouri, on the 12th day of January, 1904. He claims that he sustained his injury by being thrown from a buggy. The defendant Walsh had a contract with the defendant city for the construction of a sewer running north and south on Myrtle avenue and across Independence avenue. Independence avenue is a street of considerable width, with double car tracks on it, and is paved.

In the construction of the sewer, defendant Walsh made an excavation three feet wide, six feet long and twelve feet deep on each side of the car tracks; at the bottoms of these excavations tunnels were run through beneath the tracks. The sewer pipe was put in these tunnels, then the openings were filled with earth and the extra dirt piled on top of the fills. These piles of dirt were about three or four feet high, from four to six feet wide, and extended from the car tracks so close to the curb on the south side of the street that there was not room for the passage of a vehicle. There was evidence tending to show that these piles had remained in the street from four to six weeks prior to the date of plaintiff's injury.

There was evidence tending to show that these piles of earth were without lights or barricades at the time plaintiff was injured. The plaintiff was a stonemason, forty-nine years of age. The injury occurred in the night time. The plaintiff and his daughter were driving a one-horse, light vehicle. Their direction led them westward on Independence avenue and across Myrtle avenue. He had knowledge that a sewer was being constructed at the place mentioned, although he had not previously been at the place where it was being constructed. The night was dark and plaintiff said to his daughter, who was driving, that she had better keep on the south side of the street, they were building a sewer over on the other side, or

words to that effect. For protection from the cold, plaintiff had a laprobe wrapped around his feet and, while driving along in a slow trot, the wheels of his vehicle struck the pile of earth and tipped up and threw him out. He fell on his left side and back upon the granite pavement in the car tracks and the wheels of the vehicle passed over his body. His evidence tended to show that he received severe injuries from his fall; that he was confined to his bed four or five weeks, and that he did some work about the last days of March in the way of hauling wood; that he was able to work for only a few hours at a time; that he could not withstand heavy lifting; and that he suffered pain in his back and about the second rib. Although there was evidence tending to show that there were no lights or barricades at the place, the defendants' evidence tended to show that the place had been sufficiently guarded by lights which defendant Walsh put up at the proper time, and if they had been removed it was without the knowledge or consent of either defendant.

One of the jurors by the name of Frank Long could read print only, but could not write. This is urged as a cause for reversal. After the jury had made up its verdict and before it was received, the defendants moved the court not to receive the same on the ground that said Long was not a competent juror, as he could neither read nor write. The motion was overruled. It was shown in support of the motion that defendants did not know of the disqualification of said Long as a juror until the jury was ready to make its report, when it was discovered that his signature was evidenced by his mark; that it is the practice in the Kansas City Circuit Court for the entire jury summoned for service in the different divisions of the court to appear before one of the judges of the divisions and be impaneled; that it is the custom of such judge to call the attention of the jurors to the section of the statute as to their qualifications for service as such and to ask them if they are subject to certain dis-

qualifications; that Frank Long's attention was called to the matter and that he did not disclose the fact that he could not write; and that when the jury in this particular case was selected and sworn to try the cause, they were not questioned as to their qualifications. Long's excuse was that he did not understand the questions. He could read print, but not script, could not write his name, and did not read the instructions given to the jury, but heard them read.

The plaintiff recovered judgment in the sum of $1,000, from which defendants appealed. The two appeals will be considered together.

It is contended that the demurrer should have been sustained, "Because, although plaintiff knew a sewer was being put in, that piles of dirt were in the street and it was so dark he could not see them, yet he permitted his daughter to drive his horse upon the trot without exercising any care whatever, which was negligence as a matter of law."

It is held that, "A person who knows of defects or obstructions in a public street must use reasonable care, while traveling thereon, to avoid them, and that care must increase in proportion to his knowledge of the risk." [Wheat v. City of St. Louis, 179 Mo. 572.] Such seems to be the general rule. [Diamond v. Kansas City, 120 Mo. App. 185; Sindlinger v. City of Kansas, 126 Mo. 315.] And it is but the statement of a general rule applied to the particular cases.

The plaintiff seeks to recover on the ground of negligence on the part of defendants in failing to place lights or barricades at the place in order to warn travelers of danger. Notwithstanding this negligence upon the part of defendants, if plaintiff was guilty of negligence, he cannot recover.

It became his duty under the circumstances to exercise reasonable care to avoid any risk of danger of which he had knowledge. Had it been shown that he knew of the pile of dirt in the street and that he or his driver

drove against it without taking any precaution to avoid danger, he should not be permitted to recover. But it was not shown that he knew of the danger. He had not been at the place. He had only observed when he was two or three blocks away that a sewer was in the course of construction, but he had no actual knowledge of the obstructions. He had the right to assume that the street would not be so obstructed or that if it should be, it would be sufficiently lighted or guarded to insure safety. In the absence of knowledge to the contrary, he had the right to assume that the defendants had performed their duty. In Wheat v. City of St. Louis, *supra*, the obstruction was a permanent one; the plaintiff saw it every day, knew all about it, and knew that if he drove over or against it he would incur risk of danger—yet with such knowledge he incurred the risk. The court in passing upon the case said that, if some one passing along the street in the nighttime was unaware of the existence and condition of the manhole, and could not see it, and ran against it and was injured, the city would be liable. In Diamond v. Kansas City, *supra*, the plaintiff in the nighttime was passing over a defective sidewalk, with which he was familiar, without exercising any care to avoid injury, fell and was injured. The court held that he was precluded from recovering on the ground of his indisputable negligence. The defendants' argument is based upon the assumption that plaintiff knew of the existence of the obstruction and of its condition, which is not justified by the evidence in the case.

The defendant Walsh contends that he caused lights to be put up at the place at the close of the day's work, which was all the law required, but that they were afterwards thrown down by some one. It is true, that evidence was introduced to show that he had performed his duty in that respect, but there was evidence on the part of the plaintiff that it had not been done. It was a question for the jury.

The objection to plaintiff's instruction on the meas-

ure of damages, on the ground that it assumes as true controverted facts, is not well founded, and, if what is asserted be a defect, it would amount to a bare technicality at the most.

Defendants complain of the action of the court in refusing to give to the jury instruction C. The substance of this instruction is included in that numbered two given for defendants. There was this addition, however, "And in this connection the court instructs you that temporarily forgetting the condition of the streets, if known to him, would not excuse a failure, if any there was, to use such care and caution." The court would have been justified in refusing the instruction for the reason that it was not shown that there was any forgetfulness on the part of plaintiff of the condition of the street. There was no evidence of that character introduced in the case.

It is contended that the jury was not fully instructed upon the issues and that "they were cast adrift without guide or direction of any kind and were authorized under the instructions to return a verdict for the plaintiff under any theory of negligence whether it came within the issues or not."

Two instructions were given as asked by the plaintiff, one defining negligence and ordinary care, and the other relating to the question of plaintiff's damages. The court gave three instructions as asked by defendant. The first told the jury what duty the law imposed upon the plaintiff in driving on the street and that, if he failed in the performance of that duty, he was not entitled to recover. The second pointed out to the jury the duty that devolved upon the defendants and that, if they performed that duty, the verdict would be for the defendants. The third told the jury that, if the daughter of plaintiff who was driving the wagon was guilty of any negligence directly contributing to cause the plaintiff's injuries, then their verdict would be for defendants. None of these instructions was given as the instruction

of the parties, but as the instruction of the court, and they were numbered from one to five inclusive. The defendant Walsh asked five instructions, which the court properly refused to give. The city asked three, designated E, F and G, which the court also refused. As two of the former were embodied in No. 3 given for defendants, there was no necessity for them. G was the same in substance as No. 1 given for plaintiff, defining ordinary care. The very matter defendants are urging in this case, want of instructions confining the jury to the issues they were trying, seems not to have occurred to them on the trial, for in the eleven they offered they did not deem it essential to have the court confine the jury to such issues. They now urge that it was the duty of plaintiff to have asked instructions to that effect. But we believe the court did properly confine the jury to the issues in the case. There was no error in the instructions asked by the plaintiff and given by the court. The rule is that, where such is the case, it devolves on defendant, if he desires that the jury be further instructed, to ask the court to that effect and, if he fails to do so, he cannot complain of want of sufficient instruction.

Defendants seek to excuse themselves from fault in not questioning the jury before it was sworn to try the cause on the ground that the practice is for the judge of one division to examine all the jurors as to their qualifications before they are assigned to the different divisions for service. But we think this is not a good excuse. It appears that counsel in this case do not appear at such examinations, but trust the matter to the division judge, and that this is the general practice of the lawyers at the Kansas City bar. There is no law authorizing the practice. But something more is required of the parties litigant to any particular cause before they accept of a juror. Section 3800, Revised Statutes 1899, provides that any party to a cause may challenge any juror for cause or for any reason that goes to his disqualification to serve as a juror, or for any cause authorized by the

138 App.—11

laws of the State. Section 3763, *idem*, provides that, "No exception to a juror on account of his citizenship, non-residence, state or age or other legal disability shall be allowed after the jury is sworn." The defendants should have seen by a proper examination that each juror had the requisite qualifications before he was accepted and sworn to try the cause. The defendants' answer to this is that he was so examined by the said division judge and his examination did not disclose that he was laboring under any disability and thereby they were misled. It appeared from the testimony of Long that after the examination as to the qualifications of the jurors some of the jurors told him, when he said he could read print, that they did not think that that would pass. Thus, it appears that the juror was acting conscientiously and that he did not understand the questions put to him, which goes to show that in a general examination of a large crowd of jurors at one time there is likely to be one or more who does not comprehend the meaning of the questions propounded to him or them. Had this juror under the circumstances been examined when called as a juror for service in this case, it is reasonable to infer that he would then have understood the purport of the examination and disclosed the facts that disqualified him. We hold that defendants waived their objection by their failure to use proper diligence to exercise their rights under the law. [Orr v. Bradley, 126 Mo. App. 146.]

And the judgment should not be disturbed on that ground for the reason that defendants were not prejudiced by reason of the incompetency of said juror, as ten of the other jurors concurred in the verdict. Notwithstanding the law provides for a jury of twelve competent jurors, it also provides that the verdict of nine of their number shall be sufficient.

Other questions are raised in the case, but they are not of sufficient importance for discussion.

Affirmed. All concur.