# THE STATE, Appellant, v. PARKER DISTILLING COMPANY.

## In Banc, July 15, 1911.

1. **CONSTITUTIONAL LAW: Title: Not as Broad as Act: Opinions of Courts: Copies to Be Furnished Attorneys.** The title of the act is: "An Act to provide stenographers for the judges of the Supreme Court and the judges of the several Courts of Appeals which are now established or which may hereafter be established in this State, and to define their duties and to regulate their salaries and compensation, and to repeal all laws now existing on the same subject." The body of the act requires the stenographer of each judge of the Supreme Court and of the Courts of Appeals to make four copies of the judge's written opinion in a case, to furnish one copy to the reporter of the court, and three copies to the clerk, who is required to furnish, free of charge, one copy to the attorney for appellant and another to the attorney for respondent. The act thereby deprived the clerk of the Supreme Court of the fees he was permitted by existing statutes to charge for copies of opinions, and which fees he was authorized to use in paying his own salary and in compensating his deputy and assistants, up to certain named amounts, the excess to be turned into the State treasury. *Held*, that the title gave no notice that the body of the act deprived the clerk of his right to charge attorneys for copies of opinions, and as to such matters the body of the act is broader than the title, and is therefore void.

2. —————: **Public Funds for Private Use: Free Copies of Court Opinions to Attorneys.** Since the salaries of stenographers of judges are paid out of the State Treasury, and their stationery, typewriters, etc., are furnished by the State, and since the law permits the clerk of the Supreme Court to charge for copies of opinions filed in his office, and to use so much of the fees thus collected as is necessary to pay his own salary and the salaries of his assistants, and requires him to turn the surplus into the State Treasury, the statute which requires the stenographers of the judges of the Supreme Court and Courts of Appeals to furnish, free of charge, a copy of the opinions of the judge to attorneys of private litigants in a case, is void, since it is an expenditure of public money for a private use, which the Constitution prohibits.

ON MOTION OF ATTORNEY-GENERAL FOR RULE ON CLERK.

GRAVES, J.—In this case the Attorney-General asks us for a rule upon our clerk. The case came here upon the appeal of the State from an adverse decision in the court *nisi*. The judgment of the Court of Criminal Correction was affirmed by our opinion. The motion of the Attorney-General sufficiently states the facts, and thus reads:

"Comes now Elliott W. Major, Attorney-General within and for the State of Missouri, and informs the court that in the case of State of Missouri, Appellant, v. Parker Distilling Company, a corporation, respondent, he appeared for and in behalf of the appellant and as its duly authorized attorney of record; and that in said cause a written opinion was delivered by this court on the 3d day of July, 1911; that three copies thereof, together with one for the official reporter, were prepared by the official stenographer appointed by his honor, Judge WOODSON, who wrote the opinion therein, and delivered the same to Honorable J. D. Allen, clerk of this court, as provided by section 11,268 Revised Statutes 1909; that demand for one of such copies, without charge, has been made by informant upon said clerk and he refuses to deliver same to informant.

"Wherefore informant prays that an order be made directing and requiring said clerk to furnish and deliver to informant, free of charge, a copy of said written opinion, as provided by said section 11,268."

The motion for a rule upon our clerk calls for a construction of section 3 of an act approved June 12, 1909. The constitutionality of this act has been questioned by the clerk of this court, and this is a proper occasion to give expression to our views thereon. The act in question (Laws 1909, p. 868) is thus entitled:

"An Act to provide stenographers for the judges of the Supreme Court and the judges of the several Courts of Appeals which are now established or which

may hereafter be established in this State, and to de-
fine their duties and regulate their salaries and com-
pensation, and to repeal all laws now existing on the
same subject.''

Section 3, thereof, thus reads: ''Each stenogra-
pher appointed under this act shall prepare four
copies of each written opinion delivered by the judge
by whom he was appointed and shall deliver one copy
thereof to the official reporter of said court and file
three copies thereof with the clerk of such Supreme
Court or Court of Appeals, and such clerk shall im-
mediately, and without charge, forward two of such
copies to the clerk of the court from which said cause
was appealed, to be by him delivered to counsel for
the appellant and respondent in the case in which said
opinion is delivered.''

Section 4 of the same act, reads: ''All former
laws and acts authorizing the appointment of stenog-
raphers for judges of the Supreme Court and judges
of the Courts of Appeals in this State are hereby re-
pealed.''

There are two questions suggested by this mo-
tion. Those we shall take in order.

I. Prior to this Act of 1909, the clerk of this
court had a right under the law to charge certain fees
for copies of the opinions filed in any case, if they
were furnished to the litigants or to other parties de-
siring the same. The office, and all the working force
thereof, is paid by means of fees. If the office does
not earn sufficient money to maintain itself, the State
suffers therefrom in reduced service. No salary is
paid out of general taxation, but the salaries of the
clerk, his assistants, and deputies are paid solely
from the fees earned. If the fees earned do not justi-
fy a sufficient working force, this branch of the State's
service is crippled. This, however, is only incidental
to the real question. We have set out the title to this

bill.   · Nowhere in such title is there an indication that the clerk's ·office was to be affected by the proposed law.   No man reading this title would have the faintest idea that in the body of the bill was a clause depriving the clerk of this court of a very large part of the revenue necessary to sustain and run the office. Clerks of appellate courts are only named in section 3, supra.

That such portion of this act as pertains to the duties of the clerk of this court, or the respective courts of appeals, is beyond and not covered by the title of the act is too plain for reasonable argument. That such portion of the act would therefore be void as violating the constitutional provision necessarily follows.   We have so recently reviewed the authorities on a similar question in the case of Williams v. Railroad Company, 233 Mo. 666, that we shall not reiterate here.   The constitutional provision that ''no bill . . . shall contain more than one subject, which shall be *clearly expressed* in the title'' is violated by this act. No member of the General Assembly reading this title would be struck with the idea that by one fell swoop a large part of the funds required to maintain the office of the clerk of the Supreme Court was being donated to litigants.   We shall not elaborate further, but refer to the Williams case, supra, for a collation and review of our own cases on the subject.   That portion of the law requiring action upon the part of the clerk is void, and for that reason, if not for others, the motion and application for a rule upon our clerk must be denied.

II.   To my mind there is another reason which renders this section three void both as to the clerk and the stenographers therein named.   Both are paid out of public funds.   The clerk, it is true, collects his funds by way of fees, but if there be a surplus, such surplus must go into the State Treasury, so that he is in fact paid out of public funds.   This section re-

quires the expenditure of public funds for private use which cannot be done. The State buys and pays for the paper used by the stenographers. The State pays the stenographers for their services out of public funds. The State buys and pays for the machines which are worn out in the service. The State buys and pays for the stamps used for the transmission of these copies required to be furnished to the litigants. Under these circumstances to my mind it is clear that, as to private litigants, this law contemplates the appropriation of public funds for the benefit of individual litigants, and is therefore void. I can see no difference between the State paying for a copy of an opinion for each litigant in all the lawsuits decided by this court and the Courts of Appeals, and the State voluntarily paying from the public crib the costs of the suits of these several litigants. The questions only differ in the number of dollars and cents involved. What we have said refers to private litigants, and may not be applicable to the case at bar. The State might have the right to require its officers to render such service to it, and we think that it would have such right. In such case there would not be the use of public funds for private use. The use in this instance would be a public one. If therefore, this law was not void by reason of the question discussed in our paragraph one, we would have grave doubts as to whether the rule upon our clerk should be refused in this, a State case. We would have no doubt, as above stated, if the application came from a private litigant.

III. There is another peculiarity about this Act of 1909. We have set out in our statement the repealing clause of the bill. It does not purport to repeal any law except former laws pertaining to stenographers. There is no attempt to repeal any law relating to clerks of courts.

Upon the whole we hold that said section three of this act is, so far at least as it relates to clerks, invalid, and the rule asked for in the application of the Attorney-General will be refused. *Valliant, C. J.,* and *Lamm* and *Woodson, JJ.,* concur; *Brown, J.,* concurs in first paragraph and result; *Kennish, J.,* concurs in result; *Ferriss, J.,* absent.