## COOPER COUNTY BANK, Appellant, v. BANK OF BUNCETON.

### Division Two, October 6, 1925.

1. **APPELLATE JURISDICTION: Constitutional Question: Abandonment.** Where a constitutional question, raised in the trial court, is abandoned on appeal, whether by appellant or respondent, the question is no longer in the case, and if the Supreme Court is without jurisdiction on other grounds the case must be transferred to the proper court of appeals.

2. ———: ———: **Abandonment by Respondent.** Where defendant, in a suit to rescind a contract for the sale of a note for $5500 and a deed of trust securing the same, pleaded, among other things, that the statute prohibiting the maker to execute the note was unconstitutional, and nothing appears in the record indicating upon what ground judgment was rendered for defendant, the appeal by

plaintiff should be granted to the Supreme Court; but if respondent in his brief abandons the constitutional question, and asks that the judgment be affirmed on other grounds, that question is no longer involved, and the Supreme Court has no jurisdiction; and it makes no difference whether the invalidity of the statute was raised in the trial court by plaintiff or respondent, for whichever party raised it below may abandon it on appeal, and having been abandoned after appeal the question is no longer in the case.

Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., Section 128, p. 372, n. 53. Courts, 15 C. J., Section 512, p. 1082, n. 66, p. 1085, n. 83; Section 519, p. 1093, n. 70, p. 1094, n. 73 New.

Appeal from Cooper Circuit Court.—*Hon. John G. Slate,*
Judge.

Transferred to Kansas City Court of Appeals.

*Montgomery & Rucker* for appellant.

*Roy D. Williams* for respondent.

BLAIR, J.—Action to rescind a contract for the sale of a promissory note and deed of trust. Judgment below was for defendant, and plaintiff has appealed. The appeal was granted to this court because a constitutional question was raised by defendant below. The petition is in two counts. The first count was based upon mutual mistake of the parties. The second count charged fraudulent misrepresentation.

Plaintiff and defendant are corporations organized under the laws of Missouri and both were engaged in the banking business at Bunceton, Missouri. The Bunceton Ice, Light & Fuel Company was a Missouri corporation, and operated an electric light plant at Bunceton in connection with its ice and fuel business.

On March 30, 1921, the defendant owned a note of the light company for $5500, dated July 1, 1920, and payable in ninety days, with interest at eight per cent. Defendant then held what it deemed and what purported to be a valid deed of trust upon all of the property of the light company securing said note.

On said March 30, 1921, plaintiff was the owner of a note of said light company for $5000, secured by what it deemed to be a valid second deed of trust upon the

same property. At and prior to said date the defendant had advertised for sale under its deed of trust the property of the light company, which included its plant and machinery for generating electricity and the real estate upon which the same were located. On said date plaintiff approached defendant for the purchase of said note for $5500, secured by said first deed of trust, and did purchase the same, in order to protect its second deed of trust. The price paid was the face of the note with accrued interest and certain expenses paid by defendant, amounting to $5819.69, and defendant indorsed said note to plaintiff without recourse. On May 20, 1921, the Bunceton Ice, Light & Fuel Company was adjudged a bankrupt.

Said light company was engaged in furnishing electricity for light and power to the citizens at Bunceton and vicinity and was a public utility at the time both of the above-mentioned deeds of trust were executed and delivered. Such execution and delivery were not authorized by the Public Service Commission of Missouri, as required by Section 10483, Revised Statutes 1919.

It is conceded that both plaintiff and defendant were unaware of the said statutory requirement at the time they took their first and second deeds of trust, and that neither of them was advised of such requirement on March 30, 1921, when defendant sold and assigned its note and deed of trust to the plaintiff. The petition alleges and the proof shows that plaintiff first learned of the requirement, and the failure of the light company to secure the authorization of the Public Service Commission, after it purchased said note and after the light company had been adjudged a bankrupt. Plaintiff then notified defendant that it elected to rescind the contract for the purchase of said note and deed of trust, tendered them to defendant and demanded of defendant repayment of the purchase money. Defendant refused to accept such tender or to repay to plaintiff the purchase price. Thereafter this action was instituted.

The foregoing sufficiently outlines the facts for a preliminary understanding of the case.

The first question for determination is that of our jurisdiction. The parties have not challenged such jurisdiction, but it is our duty to inquire into and determine that question for ourselves. [In re Letcher, 269 Mo. l. c. 147; In re Bennett's Estate, 243 S. W. (Mo.) 769.]

The amount in dispute does not exceed $7500. The supposed presence of a constitutional question forms the only basis for retention by us of jurisdiction. In its answer defendant alleged that said Section 10483 is unconstitutional and void on the ground that it violates Section 53, Subsection 32, of Article IV of the Missouri Constitution, because it attempts to legislate as to corporations and does not include individuals, and is therefore a special law where a general law could be made applicable, and that the distinction is purely arbitrary and not founded in reason or sound public policy. It was further alleged that said section, in discriminating between corporations and individuals engaged in the same business, violates the Constitution of the United States, in that it denies the equal protection of the law to corporations and individuals engaged in the same business.

Judgment below was for defendant. Plaintiff appealed. There is nothing in the record to show upon which of the several defenses pleaded in the answer the trial court decided the case. That court did not indicate that it decided the case upon grounds other than the alleged unconstitutionality of said Section 10483. For aught appearing in the record such alleged unconstitutionality of said statute may have been one of the grounds, or indeed the sole ground, upon which the trial court found for defendant.

In its brief in this court respondent makes the following statement:

"The constitutional question was not presented to the trial court, and was only raised in the answer as to the second count. There was no evidence tending to support the second count, and *the constitutional question*

was not presented and *is not now contended for.*'' (Italics ours).

In this statement respondent is not entirely borne out by the record, because in paragraph XIV of its answer the unconstitutionality of said statute was pleaded as a defense to both counts. It was therefore presented as a defense to the first count, as well as to the second. However, the important thing is that respondent now solemnly advises this court that it is no longer contending for the unconstitutionality of said statute.

In this situation it must be held that the appeal was properly granted to this court in the first instance; but it does not necessarily follow that, because the case was properly sent here, this court must retain jurisdiction. It has been held that, where a constitutional question was properly and timely raised below and duly preserved in the bill of exceptions, this court would transfer the case to the Court of Appeals if appellant abandoned the question in its brief in this court. In Botts v. Railroad, 248 Mo. 56, 1. c. 61, BOND, J., speaking for Division One, said:

"An objection to the constitutionality of a statute made in the trial court, which is abandoned after the appeal taken to this court, or which is not attempted to be maintained either by argument or specification of the constitutional invalidity of such statute, is merely colorable and meritless; and if held sufficient ground to vest jurisdiction in this court, would necessarily divest courts of appeal of their lawful jurisdiction in any case where the counsel saw fit to make such a claim during the trial.''

In Moore v. United Railways, 256 Mo. 165, defendant asked an instruction telling the jury to find for defendant on the ground that the statute there involved was unconstitutional. This division, speaking through WILLIAMS, C., said: "Upon an examination of the appellants' brief, we find that the constitutional question is not mentioned therein and is not relied upon or urged here as a ground for reversal.'' Quoting from and rely-

ing upon Botts v. Railroad, supra, the case was transferred to the St. Louis Court of Appeals.

It would seem that, if the party raising the constitutional question below undertakes to and has the right to waive or withdraw such question in this court, this court would have no jurisdiction of the appeal where the case was not properly here for other reasons, even though the case was properly sent here in the first instance upon the appeal of the party against whom the question of unconstitutionality was raised.

What respondent has said in effect is this: "I pleaded that said statute was unconstitutional in the trial court but, after more mature consideration, I have come to the conclusion that my position below was unsound and utterly untenable and I no longer insist that such alleged unconstitutionality affords me any defense against the cause of action stated in the plaintiff's petition and, if the finding for me by the court below cannot be sustained upon other grounds, the judgment must be reversed and such order made in this court as the state of the record requires."

It should make no difference whether the question of the constitutional invalidity of the statute was raised below by the appellant or by the respondent in this court. Whichever party raised the question below may abandon it upon appeal. The contention of unconstitutionality having been abandoned after appeal, the question is no longer in the case and the only reason for us to retain jurisdiction disappears.

The situation is exactly the same as where the party raising the question below becomes appellant in this court and abandons the question by failing to assign the ruling below as error or to brief and discuss the question here.

What ELLISON, J., said in Bank v. Ridge, 79 Mo. App. 26, 1. c. 31, upon a different state of facts, is nevertheless persuasive:

"But defendants contended at the argument of the cause that plaintiff cannot obviate its point in the Con-

stitution by conceding it to be true and well taken. That when the record showed such point was made in the trial court, this court could not have appellate jurisdiction. The Constitution confers jurisdiction on this court 'in all cases where the amount in dispute, exclusive of costs does not exceed the sum of two thousand five hundred dollars' unless such cases are those 'involving the construction of the Constitution of the United States or of this State.' It is apparent that the mere fact of a point being made on the Constitution during the trial of a cause does not necessarily involve the construction of the Constitution in the appellate court. For, if the party making the point should afterwards in the trial, withdraw it, clearly the case would no longer involve a construction of the Constitution. So, it seems to us, that if the point made is conceded, and the case is to be determined on other grounds, no construction is involved, and defendants have not been deprived of any right guaranteed by the Constitution.''

There the admission made by respondent was that the charter amendment was unconstitutional. It contended that the judgment should be affirmed upon other grounds—and it was so affirmed. It was deemed that such admission rendered it unnecessary for the Court of Appeals to construe the Constitution, and it retained jurisdiction of the case for consideration of the other questions upon which it clearly had jurisdiction to pass.

In this case, with the constitutional question raised below abandoned upon appeal by the party who raised it there, the construction of the Constitution is no longer involved, and the Court of Appeals properly has jurisdiction to decide all the questions remaining in the case.

This court has frequently transferred cases to the courts of appeal, where the record, at the time the appeal was granted, fully authorized the granting of the appeal to this court. It often happens in misdemeanor cases where constitutional questions are timely and properly raised and kept alive down to the filing and over-ruling of the motion for new trial. The bill of excep-

tions may fail to show any exception to the ruling complained of or appellant may fail to make his bill of exceptions part of the record filed in this court. In such situation we transfer the case to the appropriate Court of Appeals. [State v. Sparks, 166 S. W. (Mo. App.) 643, and cases therein cited.]

It is ordered that this cause be transferred to the Kansas City Court of Appeals. All concur.