A. L. ALLEN and FRANKIE ALLEN v. CHICAGO, ROCK ISLAND & PA-
CIFIC RAILWAY COMPANY, WILLIAM. J. MCREYNOLDS and FORREST
HUDSON, Appellants.—37 S. W. (2d) 607.

Division One, March 31, 1931.

*Luther Burns* and *Culver, Phillip & Voorhees* for appellants.

*Mytton, Parkinson & Norris, O. L. Linck* and *Robison & Robison* for respondents.

FRANK, J.—Action by A. L. Allen and Frankie Allen, husband and wife, to recover the sum of $10,000 for the death of their minor child, Mary Allen. Verdict and judgment for $7,000, and. defendants appealed.

The appeal was granted to this court on the ground that a constitutional question was involved. The constitutional question invoked by defendants is that they were deprived of their constitutional right to a trial by a qualified and competent jury as guaranteed them by Section 28 of Article II of the Constitution of Mis-

souri. The basis of this claim is that two of the jurors in said cause who concurred in the verdict therein could not read and write the English language and did not thoroughly understand the proceedings ordinarily had in a court of justice.

This case was tried in the Circuit Court of Buchanan County. The jury law applicable to Buchanan County was passed in 1911 and appears in our statute as Article II, Chapter 53, Revised Statutes 1919. Section 6648 of that act provides, among other things, that persons who are not sufficiently acquainted with the English language to read and write the same and to understand thoroughly the proceedings ordinarily had in a court of justice, shall not be permitted to serve as jurors. Another section of the same statute makes the provisions of Section 6648 mandatory.

When the verdict was returned, it was signed by ten jurors, two of whom signed by mark. In their motion for new trial, defendants, for the first time, objected to the competency of the two jurors who signed the verdict by mark, on the ground that they were incompetent, disqualified and prohibited by law from serving as jurors, because they were not sufficiently acquainted with the English language to read and write the same, and to understand thoroughly the ordinary proceedings had in a court of justice, of which defendants had no knowledge until after the return of the verdict. It is also alleged in the motion for new trial that the incompetence of these two jurors deprived defendants of their right to a trial by a competent and qualified jury, as guaranteed to them by Section 28 of Article II of the Constitution of Missouri.

Section 6649 of said jury law provides that any person may challenge any juror for cause, for any reason mentioned in Section 6648, supra, and also, for any causes authorized by the laws of this State.

Although the jury law passed in 1911 was made applicable to counties having sixty thousand and not more than two hundred thousand inhabitants, of which Buchanan County is one, the general statutes governing juries and jurymen still apply to such counties except where such general statutes are inconsistent with the law of 1911. [Orr v. Bradley, 126 Mo. App. 146, 150, 103 S. W. 1149.] Section 6608 of the Revised Statutes of 1919 provides that "no exception to a juror on account of his citizenship, non-residence, state or age or other legal disability shall be allowed after the jury is sworn." This section of the Revised Statutes is not inconsistent with nor does it conflict with any of the provisions of the jury law of 1911. It therefore applies to Buchanan County and must be considered in determining the question before us.

It is true that if the two jurors who signed the verdict by mark were not able to read, write and understand the English language,

they were not competent jurors. Section 6648 provides that a litigant may challenge a juror for cause, for that very reason. But Section 6608 provides that such an objection, to be effective, must be made before the jury is sworn. Defendants did not challenge these jurors for any cause or make any objection until after the verdict was returned and accepted. Their first objection was made in the motion for new trial. We have uniformly ruled that the qualification of a juror is a matter of exception, and where, as in this case, a party fails to question a juror as to his qualifications, when the juror is examined on his *voir dire* and does not challenge such juror for cause, an objection to such juror made after the jury is sworn comes too late. [Hart Realty Co. v. Ryan, 288 Mo. 188, 196, 232 S. W. 126; State v. Murray, 292 S. W. 434, 437; Vogts v. Kansas City Rys. Co., 228 S. W. 526, 530; State v. Wilson, 230 Mo. 647, 132 S. W. 238.]

Defendants recognize the rule above stated as well as its fairness, but contends that the facts of this case should not bring it within the rule. The Circuit Court of Buchanan County is composed of three divisions. It appears from affidavits filed in support of the motion for new trial that when a jury is summoned to appear on Monday morning for service during the week, it is the custom for the judge of one of the divisions to examine all the jurors as to their qualifications before they are assigned to the different divisions for jury service; that the purpose of this practice is to get a qualified jury panel and expedite the time consumed in the trial of cases by avoiding the necessity of attorneys inquiring as to the statutory qualifications of jurors in each particular case; that the panel of which the two jurors in question were members was examined by one of said judges who informed the members thereof, among other things, that any person who did not understand the English language sufficiently to read and write the same and to understand thoroughly the proceedings ordinarily had in a court of justice, were not qualified to serve as jurors, and requested that any member of the panel so disqualified should so indicate to the court; that the two jurors in question made no response to this request and were qualified as members of the panel; that neither the defendants nor their attorneys knew of the disqualification of said jurors, but they did know of and relied on the custom that one of the judges of said court qualified the panel before the jurors were assigned to their respective divisions for service, and for that reason they did not interrogate the jurors on *voir dire* examination as to their ability to read, write and understand the English language. It also appears from the affidavits filed that the two jurors in question could not read or write. Counter affidavits were filed, but in our view of the case their contents are unimportant.

The practice adopted by the circuit court in the qualification of the jury panel is not authorized by statute. As defendants saw fit to rely on this unauthorized custom and refrain from examining the jurors as to their qualifications and challenging disqualified persons for cause, it is too late after verdict to complain of disqualification of jurors, in face of the positive mandate of the statute that no exception to a juror shall be allowed after the jury is sworn. An unauthorized custom or practice cannot override a positive statute. Conceding without deciding that defendant's complaint, if it had been timely, would have raised a constitutional question, it came too late and was, therefore, waived. This exact question was before the Kansas City Court of Appeals and was decided adversely to defendants' contention. [Knight v. Kansas City, 138 Mo. App. 153, 161, 119 S. W. 990.]

Other constitutional questions are raised in the motion for new trial, but as they are not mentioned in the brief, they will be treated as abandoned.

The amount in controversy is only $7,000. As there is no constitutional question in the case, we are without jurisdiction and, therefore, transfer the cause to the Kansas City Court of Appeals. All concur.