STATE of Missouri, Respondent,

v.

W. A. BROOKSHIRE, Appellant.

No. 47100.

Supreme Court of Missouri,

Division No. 2.

July 13, 1959.

W. A. Brookshire, Columbia, Betty Lyons, Chicago, Ill., for appellant.

John M. Dalton, Atty. Gen., Richard R. Nacy, Jr., Special Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Defendant, W. A. Brookshire, was found guilty of the offense of issuing a check with intent to defraud in violation of Section 561.460 (all statutory references are to RSMo 1949, V.A.M.S.) and his punishment was fixed by the jury at confinement in the county jail for six months and a fine of $500. He has appealed from the ensuing judgment.

■ The offense of which defendant was found guilty is a misdemeanor. Sections 561.460 and 556.040. This court does not have jurisdiction of this appeal unless it is a case "involving the construction of the Constitution of the United States or of this state" within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S. No other ground for jurisdiction in this court is urged by defendant, and without the need for extended discussion it is evident that no other basis for appellate jurisdiction in this court could exist.

In the jurisdictional statement in his brief defendant states that the appellate jurisdiction of this court is invoked "for the reason that [1] the defendant is challenging the constitutionality of Section 561.460 for the reason that this section of the statute permits imprisonment for debt, contrary to Section II of Article I of the Constitution of the State of Missouri and for the further reason that [2] the defendant was denied due process of law guaranteed to him under Article V and Article XIV of the Amendments to the Constitution of the United States and Section 10 of Article I of the Constitution of the State of Missouri, and for the further reason that [3] the defendant contends that his constitutional rights were violated in that he was placed in double jeopardy contrary to Article V of the Amendments to the Constitution of the United States." A short statement of the

facts and the procedural steps taken is necessary to the determination of the question of jurisdiction.

In the information originally filed by the prosecuting attorney of Boone County the check upon which the charge was based was described as being dated "Dec. 31, 1956." After a change of venue was taken to Audrain County, and on the day the case was set for trial, the prosecuting attorney was given permission to amend the information to show that the date of the check was December 31, 1957. The defendant then asked for time to file a motion to dismiss "in view of the amendment which has been made." This request was denied.

The evidence at the trial disclosed that on or about December 31, 1956, the collector of Boone County received through the mail from defendant his personal check dated "Dec. 31, 1957" in the amount of $728.18 in payment of real and personal property taxes assessed against property of the defendant for the year 1956. The collector did not notice that the check was post dated, and he deposited the check with the Boone County National Bank to the credit of a fund maintained for tax money collected by him. The State Bank of Ste. Genevieve, Ste. Genevieve, Missouri, upon which the check was drawn, refused payment and the check was returned to the collector marked "insufficient funds."

■ Defendant has submitted twelve separate points in his brief to this court. We have read and reread carefully each and every point and we find not the slightest reference, even by inference, to the alleged constitutional questions in the jurisdictional statement which we have numbered [1] and [3]. In addition, the only allegation in the jurisdictional statement pertaining to double jeopardy is that there was a violation of the Fifth Amendment to the Constitution of the United States and this prohibition does not bind the states but applies only to offenses

against and trials under the laws of the United States. Ex parte Dixon, 330 Mo. 652, 52 S.W.2d 181 [2]; 22 C.J.S. Criminal Law § 238. In a portion of the argument, which does not purport to follow the points relied on, we find this statement: "The defendant contends that Section 561.350 RSMo 1949, V.A.M.S. which creates a criminal offense of giving a check for a pre-existing debt is unconstitutional in that it is imprisonment for debt. It is true that this court in State v. Taylor [355 Mo. 460, 73 S.W.2d 378, 95 A.L.R. 476] held that it was not a violation of the constitutional provision. However, there was a divided court." This is the only statement in the brief, other than in the jurisdictional statement, concerning this contention.

■ Constitutional questions must be raised at the earliest opportunity consistent with good pleading and orderly procedure, State v. Lock, 302 Mo. 400, 259 S.W. 116 [11], and must also be kept alive throughout the case by proper objection, State v. Egan, Mo.App., 272 S.W. 2d 719 [3], and must be preserved in the motion for new trial. State v. Medley, 360 Mo. 1032, 232 S.W.2d 519 [1]; State v. Egan, supra [3]. Supreme Court Rule 1.08, 42 V.A.M.S., provides that a brief shall contain "The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder." The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered to be abandoned on appeal and no longer an issue in the case. Cooper County Bank v. Bank of Bunceton, 310 Mo. 519, 276 S.W. 622 [3]; Brooks v. Menaugh, 320 Mo. 183, 6 S.W. 2d 902; Bankers' Mortgage Co. v. Lessley, Mo.Sup., 31 S.W.2d 1055 [2]; Walter L. Lacy Co. v. National Finance Corporation, Mo.Sup., 73 S.W.2d 747 [4]; Allen v. Chicago, R. I. & P. R. Co., 327 Mo. 526, 37 S.W.2d 607 [6]; Junior v. Junior, Mo.

Sup., 84 S.W.2d 909 [2]; Gruet Motor Car Co. v. Briner, Mo.Sup., 224 S.W.2d 73 [1]; Stribling v. Jolley, 362 Mo. 995, 245 S.W.2d 885 [2]; State v. Harold, 364 Mo. 1052, 271 S.W.2d 527 [3]. A constitutional question may not be inferred argumentatively from facts stated, City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372 [10], and of course a constitutional question is not preserved for appellate review by mention only in the jurisdictional statement or by casual reference only in the argument portion of the brief. As stated in Ingle v. City of Fulton, Mo.Sup., 260 S.W.2d 666, 667, "in order to preserve a constitutional question for review the question must be raised at the first available opportunity; the sections of the constitution claimed to have been violated must be specified; the point must be presented in the motion for a new trial, if any; and it must be adequately covered in the briefs." See also Swift & Company v. Doe, Mo.Sup., 311 S.W.2d 15, 21. But, assuming that it could be accepted that the contention that Section 561.460 is unconstitutional on the ground that it authorizes imprisonment for debt was sufficiently presented in the brief, that precise constitutional question has previously been asserted and decided by this court in State v. Taylor, 335 Mo. 460, 73 S.W.2d 378, 95 A.L.R. 476, and the statute was held not to be in violation of the constitution for the precise reason defendant now asserts. In such a situation this court will not assume jurisdiction of a case on the ground that a constitutional question is involved. State v. Campbell, 214 Mo. 362, 113 S.W. 1081; State v. Zimmerman, 216 Mo. 418, 115 S.W. 965; Swift & Company v. Doe, Mo. Sup., supra [2]; Hoerath v. Sloan's Moving & Storage Co., Mo.Sup., 305 S.W.2d 418 [1]; Metzger v. Metzger, Mo.Sup., 145 S.W.2d 380 [7]. This is particularly true when, as here, there are no contentions made whatever why the previous ruling is incorrect or not applicable.

We must and do conclude that defendant has not preserved for appellate review the

contentions set forth in his jurisdictional statement which we have numbered [1] and [3].

[■] The remaining contention by which defendant purports to present a constitutional question arises out of the circumstance of the trial court permitting the prosecuting attorney to amend the information to show that the check was dated December 31, 1957, instead of December 31, 1956. Defendant contends in his first point in his brief that by this amendment the offense was changed, the original charge was dismissed and a new prosecution was then begun; that the circuit court of Audrain County had no jurisdiction of the new offense charged; and that "all proceedings after the amendment was a nullity and a violation of the constitutional rights of the defendant as guaranteed to him in Article V and Article XIV of the amendments to the Constitution of the United States, and Section 10 of Article I of the Constitution of the State of Missouri." Of course, the due process clause of the Fifth Amendment to the Constitution of the United States constitutes a limitation on the federal government only and not on the states, and the contention that this amendment was violated is therefore without any possible merit. State v. Parker Distilling Co., 237 Mo. 103, 139 S.W. 453 [22]; 16A, C.J.S. Constitutional Law § 568b(1).

[■] Sections 545.290 and 545.300, and Supreme Court Rule 24.02, 42 V.A.M.S., provide the authority for and the circumstances when an information may be amended. If it were defendant's position that the authorized procedure for amending the information was followed, but that that procedure denied him due process of law, such a contention would clearly call for the construction of the due process clause of the Missouri Constitution and of the Fourteenth Amendment to the Constitution of the United States. But, the sum and substance of defendant's contention is that the procedure which was followed was in violation of the statutes authorizing the State to amend the information in some situations, and because the trial court proceeded contrary to such statutory authority he was denied due process of law. This contention does not call for the construction of the constitution, but calls only for a construction of the applicable statutes and the Supreme Court Rule.

[■] "Raising a constitutional question is not a mere matter of form. The question must really exist, and, if it does not exist, it is not raised." Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 142 S.W. 319, 321 [3]. The mere assertion that appellant has been denied due process of law does not call for the construction of the constitution, and the assertion that due process of law was denied because a statute or Supreme Court Rule was violated, is in effect an assertion that due process would have occurred if there had been no violation of the statute or rule. Every contention made by defendant pertaining to the amendment of the information turns solely on the question of whether that amendment violated the applicable statutes and Supreme Court Rule, and that is all that is involved. Such contentions may be decided by the proper court of appeals.

We necessarily conclude that since defendant was found guilty of a misdemeanor and this case does not involve "the construction of the Constitution of the United States or of this state," jurisdiction of this appeal is not in this court. Therefore, the case is transferred to the St. Louis Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.