Daniel W. WITT et al., Plaintiffs-Appellants,

and

St. Louis County, Missouri, et al., Intervenors-Plaintiffs,

v.

CITY OF WEBSTER GROVES, Defendants-Respondents.

No. 50306.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1964.

Smith, Spalding & Crowe, Clayton, for appellants.

H. Jackson Daniel, St. Louis, Attorney for Respondent, City of Webster Groves.

HIGGINS, Commissioner.

Appellants, Daniel W. Witt, et al., brought a class action against respondents, City of Webster Groves and its officers, seeking injunction and declaratory judgment by which to invalidate an annexation accomplished by respondent, City of Webster Groves. St. Louis County and its Supervisor intervened as plaintiffs by separate petition praying for a declaration of the legal status of respondents' annexation ordinance and election. At the conclusion of plaintiffs' and intervenors' cases, the trial court sustained respondents' motion for judgment denying the relief sought by appellants and intervenors. Appellants and intervenors filed motions for new trial which were overruled.

Appellants, Witt, et al., duly perfected their appeal. Intervenors have not appealed, and the appeal of appellants, Witt, et al., does not make respondents of the intervenors.

Appellants contend that jurisdiction of their appeal is in this court, alleging that St. Louis County is a party to the record within the meaning of Section 3, Article V, Missouri Constitution, V.A.M.S. State ex rel. Tadlock v. Mooneyham, 296 Mo. 421, 247 S.W. 163, 165 [3].

A somewhat similar question of jurisdiction was before the Kansas City Court of Appeals in an 1887 case, Johnson County v. Bryson et al., 27 Mo.App. 341. In that case one Keene contracted with Johnson County and claimed a sum due for his work, which claim he assigned in writing to interpleader Bryson. Prior thereto Keene had contracted for some material with interpleader Guihen who objected to furnishing the material unless he was secured, and Guihen contended that Keene verbally assigned as much of his claim against the county as the material would amount to when furnished. When both Bryson and Guihen presented claims, Johnson County brought a bill in the circuit court stating the balance due on account of the work and asked that Bryson and Guihen be required

to interplead for the same. The finding was against Guihen, and he sued out his writ of error.

The court, concerning jurisdiction, said, 1. c. 350: "It is contended that this court [the Kansas City Court of Appeals] has no jurisdiction of this cause, as Johnson county is a party thereto. We do not consider the county as a real party to this contest. She filed a bill asking that these interpleaders litigate * * *. They did so. One of them recovered and the other appeals to this court. We do not consider the case as under the inhibition of section 12, article 6, of the constitution of the state * * *."

The St. Louis Court of Appeals ruled consistently in Allen v. Cowan, 30 Mo.App. 1, 2, where the court said: "This action is brought against the county of Phelps and the clerk of the circuit court of said county. The parties defendant entered an appearance, and, on a demurrer to the petition, filed by each defendant, * * * the court rendered a decree * * * from which *both defendants prosecute* this writ of error. The county is a substantial party to this action; its rights are necessarily concluded by the judgment; *it joins in the prosecution of this writ of error*. We hence have no jurisdiction of the cause (Const. art. 6, sec. 12; amendment of 1883, sec. 5), and must, therefore, transfer it to the Supreme Court * * *."

In the instant case St. Louis County showed an interest in this litigation by intervening below, and it may be interested in the eventual outcome. We have held that where the county is not in fact a party to the suit, jurisdiction is not in this court. State ex rel. Town of Olivette v. American Tel. & Tel. Co., Mo., 273 S.W.2d 286, 288 [2–6]. Our question here is more limited, however, in that we must determine whether St. Louis County, a party below, is still, after its election not to appeal, a party to this suit and to this record to give jurisdiction to this court.

Here, St. Louis County was neither sued nor did it bring suit. It chose to inject itself into the case by intervention. Its separate petition was against respondents only. It was denied and its separate motion for new trial was overruled.

We have held, in connection with constitutional issues relied upon for jurisdiction in this court, that such questions must be kept alive throughout the case and presented as live questions to this court. Brooks v. Menaugh, 320 Mo. 183, 6 S.W.2d 902, 903, and cases there cited. See also Feste v. Newman, Mo., 368 S.W.2d 713, 715 [3, 4]. In Cooper County Bank v. Bank of Bunceton, 310 Mo. 519, 276 S.W. 622, the constitutional question which placed the appeal in the Supreme Court in the first instance was later withdrawn in the brief. The court said, 1. c. 624 [5]: "* * * The contention of unconstitutionality having been abandoned after appeal, the question is no longer in the case, and the only reason for us to retain jurisdiction disappears."

■ We apply the reasoning of the above cases to the instant case and hold that when St. Louis County did not appeal, it accepted the denial of its petition, and abandoned the issues of the case. St. Louis County thus removed itself from the case and is no longer a party to the record for the purposes of this appeal. The only ground for our jurisdiction has disappeared, and jurisdiction, therefore, is not in this court on the ground that a county is a party.

Appellants, Witt, et al., urge also that we have jurisdiction because of constitutional questions alleged to be present within the meaning of Section 3, Article V, Missouri Constitution.

■ From the transcript it is determined that appellants' motion for new trial makes no reference to any constitutional question. A constitutional question must be raised not only at the first opportunity, but must also be preserved throughout in

order to present it for appellate review. When the alleged constitutional question was not presented to the trial court in the motion for new trial, it passed out of the case. State ex rel. Kirks v. Allen, Mo., 250 S.W.2d 348, 349–350 [1, 2]; State ex rel. Williamson v. County Court of Barry County, Mo., 363 S.W.2d 691, 694 [5–8]. There is, therefore no constitutional question on this appeal, and we have no jurisdiction on that ground.

Upon neither of the grounds suggested can we assume jurisdiction of this case, and it must be transferred to the appropriate court of appeals.

The cause is transferred to the St. Louis Court of Appeals.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.